UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME ANDRES VASQUEZ-GOMEZ,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondent.

No. 1:26-cv-05219-DAD-CSK (HC)

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos 1, 2, 3)

On July 7, 2026, petitioner, an immigration detainee, filed a *pro se* petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1), and a motion to proceed *in forma pauperis*. (Doc. No. 2.) The court will grant petitioner's motion to proceed *in forma pauperis*. Additionally, petitioner filed a motion for appointment of counsel. (Doc. No. 3.) That motion will be denied as moot considering the court's grant of petitioner's *habeas* petition as explained in this order.

On July 10, 2026, respondent filed a response in opposition to the *habeas* petition. (Doc. No. 7.) In its response, respondent argues that petitioner's current immigration detention is

lawful pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). Respondent does not request further briefing or argument on the underlying *habeas* petition. (Doc. No. 7 at 3.)

The facts of this case are these. Petitioner is a citizen of Columbia and entered the United States in June 2024, at which time he was detained by immigration officials and then subsequently paroled and released. (*Id.* at 1.) Petitioner was re-detained in March 2026 and remains in custody to this day. (Doc. No. 1 at 5 ¶ 23.) Respondent argues that petitioner is lawfully and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. No. 7 at 2-3.) Respondent further argues that this case is distinguishable from the cases cited in this court's July 8, 2026 order directing a response from respondent (Doc. No. 5) because petitioner was placed in expedited removal proceedings. (Doc. No. 7 at 3.) The evidence respondent provides in support of its position includes a Form I-213 prepared by a deportation officer. (Doc. No 7-1.) Therein, the form notes petitioner's pending criminal charges involving drugs and possession of a weapon in New Jersey. (*Id.* at 2.)

Respondent argues that petitioner violated the conditions of his parole pursuant to 8 U.S.C. § 1182(d)(5), and that petitioner received all the process to which he was due. (Doc. No. 7 at 3-4.) Respondent's arguments are unavailing for a few reasons. First, regarding respondent's argument that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), the court incorporates and adopts the reasoning set forth in *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025), in which the court explained that non-citizens who have been previously paroled pursuant to § 1182(d)(5) cannot be legally re-detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). Second, to the extent respondent asserts that petitioner's parole was properly revoked, it appears that, in terminating his parole, respondent "failed entirely to take obligatory procedural steps" required by "either the parole statute or 8 C.F.R. § 212.5(e)(2)(i)." *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing written notice of revocation to the petitioner). Respondent has not offered any other detention authority which could potentially justify petitioner's current detention. Third, as this court explained in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL

3533606, at *3 (E.D. Cal. Dec. 9, 2025), non-citizens paroled into the United States pursuant to § 1182(d)(5) obtain a liberty interest in their continued release, entitling them to certain due process protections, the extent of which are determined by applying the test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This court further concluded in *Rocha Chavarria*, that a petitioner's re-detention absent notice and a hearing, was unlawful pursuant to the *Mathews* test. *See Rocha Chavarria*, 2025 WL 3533606, at *4–5. The court incorporates that reasoning here and finds that petitioner's re-detention absent notice and a hearing was unlawful. Accordingly, the court will grant the pending *habeas* petition.

For the reasons explained above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jaime Andres Vasquez-Gomez, A-File No. 249-507-416, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about March 28, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence that he is a flight risk or a danger to the community;
3. Petitioner's motion for appointment of counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;
4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Mesa Verde Detention Facility; and

/////

/////

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE